**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | ) ) ) ) NO.  17 CV 7908 |
| PLAINTIFFS, | ) ) JUDGE |
| v. | ) ) MAGISTRATE JUDGE |
| RETAIL STOREFRONT GROUP, INC., an Alabama corporation, | ) ) ) |
| DEFENDANT. | ) ) |

## COMPLAINT

Plaintiffs, by their attorneys, DONALD D. SCHWARTZ, ANDREW S. PIGOTT and ARNOLD AND KADJAN, LLP complain against Defendant, **RETAIL STOREFRONT GROUP, INC.**, as follows:

1.    (a)    Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

(b)    Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.    (a)    The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b)     The Funds have been established pursuant to collective bargaining agreements previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)     The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.     Defendant, **RETAIL STOREFRONT GROUP, INC. ("RSG"),** is an Alabama corporation, and is an employer engaged in an industry affecting commerce.

5.     Since on or before January 1, 2010, **RSG** has entered into successive Collective Bargaining Agreements with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees

6.     Since January 1, 2010, **RSG** has admitted, acknowledged and ratified the Collective Bargaining Agreements entered into with the Union by filing periodic report forms with the Funds, and by making some but not all of the periodic payments to the Funds as required by the Collective Bargaining Agreements.

7.     By virtue of certain provisions contained in the Collective Bargaining Agreements, **RSG** is bound by the Trust Agreement establishing the Funds.

8.     Under the terms of the Collective Bargaining Agreements and Trust Agreements to which it is bound, **RSG** is required, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

9. Beginning in June 2017, the Funds commenced an ERISA fringe benefit contributions audit of **RSG**.

10. **RSG** produced some, but not all of the records the auditor required to determine if **RSG** complied with its contribution obligations.

11. Specifically, despite multiple requests from Plaintiffs' auditor, **RSG** failed to produce:

a. timesheets, payroll reports, and contribution reports for Glaziers that traveled from outside Local 27's geographic jurisdiction to work within Local 27's geographic jurisdiction;

b. timesheets, payroll reports, contribution reports, and job locations for Glazier Devers for the second quarter of 2013;

c. timesheets, payroll reports, contribution reports, and job locations for Glaziers Kruger and Galogh for the fourth quarter of 2014 in Illinois;

d. timesheets, payroll reports, contribution reports, and job locations for Glazier Straw for the third and fourth quarters of 2015, and for the first and fourth quarters of 2016.

**WHEREFORE,** Plaintiff pray for relief as follows:

A. **RSG** be ordered to produce all necessary records for the completion of its audit for the period from **January 1, 2010 through the present.**

B. Judgment be entered on any amounts found to be due on the audit.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

D.      **RSG,** be enjoined from violating the terms of the Collective Bargaining

Agreements and Trust Agreements by failing to make timely payments to the Funds and be

ordered to resume making those payments.

E.      Any such other and further relief as this Court may deem appropriate under the

circumstances.

Respectfully submitted,

**TRUSTEES OF THE GLAZIERS,
ARCHITECTURAL METAL AND
GLASS WORKERS LOCAL UNION
NO. 27 WELFARE AND
PENSION FUNDS**

By: s/ Andrew S. Pigott
      One of their Attorneys

Donald D. Schwartz
Andrew S. Pigott
ARNOLD AND KADJAN, LLP
35 E. Wacker Dr., Suite 600
Chicago, Illinois 60601
(312) 236-0415